Jeffrey SNYDER, et al., Respondents,

v.

LIGHTHOUSE PENTECOSTAL CHURCH, et al., Appellants.

No. ED 89672.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 16, 2008.

John E. Counts, Sappington, MO, for appellants.

Marsha I. Stiles, Florissant, MO, for respondents.

KENNETH M. ROMINES, J.

### Introduction

Appellant Lighthouse Pentecostal Church, et al. appeals from the circuit court of St. Louis County's grant of summary judgment in favor of Respondent Jeffrey Snyder, et al., the Honorable Steven H. Goldman presiding. We dismiss Appellant's appeal because we are without jurisdiction due to several deficiencies; most notably, Appellants failed to timely file a notice of appeal.[1]

### Factual and Procedural Background

This case regarded the ownership and control of property by a Church Corporations and the fiduciary duties of its officers. The underlying facts are not at issue. The issues on appeal concern the Missouri Rules of Civil Procedure, thus the facts are relevant only as they relate to procedure. On 19 December 2006 the circuit court granted summary judgment in favor of Respondents. On January 18 2007, thirty days after summary judgment was granted, the judgment became final pursuant to Missouri Rule of Civil Procedure 81.05(a). On 26 February 2007 Appellants filed a motion to set aside the judgment. This motion was denied on 5 April 2007 as untimely. On the same day the court granted Respondent's motion to dismiss the trial setting as moot, finding that summary judgment had rendered all claims and counterclaims moot. Lighthouse Pentecostal Church, et al. filed notice of appeal on 27 April 2007.

### Discussion

■ A timely filing of a notice of appeal is a jurisdictional requirement; if the notice of appeal is untimely, the appellate court is without jurisdiction and must dis-

---

1. In addition to Appellants' notice of appeal being untimely, Appellants' brief contains multiple deficiencies which cause it to lack compliance with mandatory appellant briefing requirements enumerated in Missouri Rule of Civil Procedure 84.04. Appellants' brief fails to state the standard of review, it severely lacks citation to authority, and this court would be unable to come to a conclusion on the merits without becoming an advocate for Appellant.

miss the appeal. *In re Marriage of Short*, 847 S.W.2d 158, 161 (Mo.App.1993). An appeal must be filed no later than ten days after the judgment becomes final. Missouri Rule of Civil Procedure 81.04(a). A judgment becomes final thirty days after it is entered by the trial court where, as here, no authorized after trial motions are filed before the end of those thirty days. Rule 81.05(a).

In the current case, the trial court entered its judgment on 19 December 2006 when it granted summary judgment in favor of Respondents. Thirty days later, on 18 January 2007, the judgment became final. Rule 81.05(a). Appellants did not file their motion to set aside judgment until 27 February 2007. The circuit court no longer had jurisdiction over this case because the judgment was final and the motion was untimely. The court properly dismissed the motion on 5 April 2007. Appellants had ten days after 18 January 2007 to file timely notice of appeal. Rule 81.04(a). Appellants did not file notice of appeal until 27 April 2007, far exceeding the ten day limit of Rule 81.04(a). Due to the notice of appeal being filed beyond the ten day limit imposed by Rule 81.04(a) the notice of appeal was untimely, we are without jurisdiction, and we must dismiss this appeal.

DISMISSED.

NANNETTE A. BAKER, C.J., and ROY L. RICHTER, J., concur.